IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3157-FL

| | | |
|---|---|---|
| KEITH BAYSEAM OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DALE BUTLER AND SHERIFF DONNIE HARRISON, | ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on the motion to consolidate (DE 28), filed by defendants Dale Butler ("Butler") and Donnie Harrison ("Harrison") (collectively referred to as "defendants"), to which plaintiff responded, and defendants' motion to stay discovery (DE 45). Also before the court are plaintiff's motion "to enter authoritative memorandum" (DE 27), motion for leave to file the affidavit of William Charles Klinger (DE 30), motion to amend (DE 31), and motion for an order compelling discovery (DE 41). Defendants responded to plaintiff's motion to amend, but did not respond to plaintiff's remaining motions. In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On March 12, 2012, plaintiff, a pretrial detainee housed at the Wake County Jail, filed an action pursuant to 42 U.S.C. § 1983 against Butler and Harrison, Oliver v. Butler, 5:12-CT-3060-FL (E.D.N.C. Mar. 12, 2012) ("Oliver I"). In Oliver I, plaintiff was permitted two opportunities to particularize his action. Plaintiff's latest response to the court's order directing him to particularize moves the court to include Heidi Steinbeck as a defendant in this action. Plaintiff also alleges the following claims pursuant to the Fourteenth Amendment to the United States Constitution: (1)

plaintiff was forced to sleep on a cement floor causing injury to his back; (2) plaintiff received inadequate food portions causing extreme weight loss, headaches, dizziness, and fatigue; (3) plaintiff was forced to wear dirty, soiled garments; and (4) plaintiff was retaliated against. The court has by order entered this date allowed plaintiff's claims to proceed in Oliver I.

On August 6, 2012, plaintiff filed the instant second action against Butler and Harrison pursuant to 18 U.S.C. § 1983, Oliver v. Butler, No. 5:12-CT-3157-FL (E.D.N.C. Aug. 6, 2012) ("Oliver II"). In Oliver II, plaintiff again complained that the prison conditions at the Wake County Jail violated his Fourteenth Amendment rights. Specifically, plaintiff alleged that he was denied access to a shower for a period of thirty (30) days, and that when he was permitted to shower, he was forced to wear shackles. Plaintiff also alleged that defendants failed to accommodate his religious diet. The court subsequently allowed plaintiff to proceed with these claims. The court also issued an order of investigation, directing North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's action and to notify the court whether it would represent plaintiff.

The court subsequently granted defendants' motion to stay discovery until after NCPLS filed its response to the court's order of investigation. On March 7, 2013, NCPLS notified the court that it would not represent plaintiff in this action.

Thereafter, defendants filed a motion to consolidate the actions in Oliver I and II, which plaintiff opposed. Additionally, plaintiff also filed a motion to enter an authoritative memorandum, a motion for leave to file the affidavit of William Charles Klinger, a motion to amend, and a motion to compel. Defendants responded to plaintiff's motion to amend, but did not respond to his remaining motions.

A. Motion to Consolidate

Defendants request that this court consolidate plaintiff's actions in Oliver I and II. Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." The Fourth Circuit has held that a district court has "broad discretion under F.R.Civ.P. 42(a) to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Corp., 559 F.2d 928, 933 (4th Cir. 1977).

Upon a review of both Oliver I and II, the court finds that, although both actions deal with the conditions of confinement at the Wake County Jail, the particular claims raised by plaintiff in each action are distinct and do not present common questions of fact. Thus, the court DENIES defendants' motion to consolidate. Because the court has ruled on the motion to consolidate, the court DENIES as MOOT defendants' motion to stay discovery pending the resolution of plaintiff's motion to consolidate.

B. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a). Plaintiff previously has filed an amended complaint. Accordingly, plaintiff must have leave of court to amend his complaint. Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999).

Plaintiff seeks to amend his complaint to include Lieutenant Heidi Steinbeck ("Steinbeck") as a defendant in this action, and to include a claim for retaliation. Defendants oppose plaintiff's motion to amend, arguing that plaintiff's claims may be fully addressed without the addition of Steinbeck. However, defendants have set forth no specific facts to support this contention. Further, the court finds good cause to permit plaintiff the opportunity to amend his complaint. Thus, plaintiff's motion to amend is GRANTED.

C.      Motion to Compel

Plaintiff seeks an order from this court compelling defendants to respond to his discovery requests. The court has not yet issued its case management order in this case. As discussed infra, a case management order will be forthcoming. Plaintiff must make his discovery requests within the deadlines provided in the court's forthcoming case management order. Based upon the foregoing, plaintiff's motion to compel is DENIED without prejudice as premature.

D.      Motion to File Affidavit

Plaintiff moves the court for permission to file the affidavit of William Charles Klinger. For good cause shown, plaintiff's motion is GRANTED.

E.      Motion to Enter Authoritative Memorandum

Plaintiff filed a motion for leave to file a pleading designated as an authoritative memorandum. The document appears to be a memorandum regarding his religious diet claim. The court is unsure how to construe this pleading. To the extent plaintiff seeks to amend his complaint, he must file a motion for leave to file an amended complaint pursuant to Rule 15. Further, the court notes that plaintiff's claim regarding his religious diet already is before the court. Plaintiff is

cautioned that unnecessary filings hinder rather than assist the court, and plaintiff is discouraged from engaging in such conduct. Based upon the foregoing, plaintiff's motion is DENIED as moot.

## CONCLUSION

In summary, for the foregoing reasons, the court rules as follows:

(1) Plaintiff's motion to enter an authoritative memorandum is DENIED (DE 27).

(2) Defendant's motion to consolidate (DE 28) is DENIED.

(3) Plaintiff's motion for leave to file the affidavit of William Charles Klinger (DE 30) is GRANTED.

(4) Plaintiff's motion to amend is GRANTED. The Clerk of Court is DIRECTED to add Heidi Steinbeck as a defendant in this action.

(5) Plaintiff's motion to compel (DE 41) is GRANTED.

(6) Defendants' motion to stay (DE 45) is DENIED as MOOT.

(7) The Clerk of Court is DIRECTED to issue a case management order.

SO ORDERED, this the 1st day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge