IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3157-FL

| | |
|---|---|
| KEITH BAYSEAM OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DALE BUTLER, LIEUTENANT HEIDI ) | |
| STEINBECK, and SHERIFF DONNIE ) | |
| HARRISON, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on plaintiff's pleading captioned "motion and argumentative memorandum in support of retaliation claim, and claim of inhumane conditions in violation of plaintiff's liberty interest" (DE 69), motion to appoint counsel, or in the alternative, motion requesting access to specific electronic tools/aids (DE 72), "motion [for] a court order instructing the defendants to comply with plaintiff's request for written depositions" (DE 73), and motion to compel (DE 74). Defendants have not responded to plaintiff's motions. The issues raised are ripe for adjudication.

The court begins with plaintiff's pleading captioned "motion and argumentative memorandum in support of retaliation claim, and claim of inhumane conditions in violation of plaintiff's liberty interest." The pleading seeks to include in the record an affidavit filed by inmate James Sanford. The court ALLOWS this motion.

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se*

civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

Finally, the court addresses plaintiff's motion requesting access to specific electronic tools/aids (DE 72), as well as his motions for discovery (DE 73, 74). Defendants have not responded to these pending motions, and the court finds that a response would be helpful in adjudicating these issues. Thus, the court DIRECTS defendants to respond to the above-referenced pending motions.

In summary, plaintiff's "motion and argumentative memorandum in support of retaliation claim, and claim of inhumane conditions in violation of plaintiff's liberty interest" (DE 69) is GRANTED. Plaintiff's motion to appoint counsel (DE 72) is DENIED. As for plaintiff's motion requesting access to specific electronic tools/aids (DE 72), "motion [for] a court order instructing the defendants to comply with plaintiff's request for written depositions" (DE 73), and motion to

2

compel (DE 74), the court holds these motions in abeyance and DIRECTS defendants to respond to these motions within fourteen (14) days.

SO ORDERED, this the 4th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge