IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3157-FL

| | |
|---|---|
| KEITH BAYSEAM OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DALE BUTLER SHERIFF DONNIE ) | |
| HARRISON, and HEIDI STEINBECK ) | |
| ) | |
| Defendants. ) | |

The matter is before the court upon plaintiff's motion requesting access to specific electronic tools/aid (DE 72), "motion [for] a court order instructing the defendants to comply with plaintiff's request for written depositions" (DE 73), motions to compel (DE 74, 79), motion for court ordered alternative dispute resolution (DE 82), and motion to expedite (DE 83). Plaintiff's motions to compel were fully briefed. In this posture this issues raised are ripe for adjudication.

**BACKGROUND**

On August 6, 2012, plaintiff, a then pretrial detainee housed at the Wake County Jail, filed this action against defendants Dale Butler and Sheriff Donnie Harrison pursuant to 18 U.S.C. § 1983. Plaintiff complained that the prison conditions at the Wake County Jail violated his Fourteenth Amendment rights. Specifically, plaintiff alleged that he was denied access to a shower for a period of thirty (30) days, and that when he was permitted to shower, he was forced to wear shackles. Plaintiff also alleged that defendants failed to accommodate his religious diet. The court subsequently allowed plaintiff to proceed with these claims.

On May 14, 2013, plaintiff moved to amend his complaint to include Lieutenant Heidi Steinbeck ("Steinbeck") as a defendant, and to include a claim for retaliation. The court granted plaintiff's motion.

Plaintiff subsequently filed a motion to appoint counsel, or in the alternative, motion requesting access to specific electronic tools/aid, "motion [for] a court order instructing the defendants to comply with plaintiff's request for written depositions," and motion to compel. On February 4, 2014, the court entered an order denying plaintiff's motion to appoint counsel. The court held the remaining motions in abeyance and directed defendants to file a response. On February 14, 2014, plaintiff filed an additional motion to compel. On February 18, 2014, defendants complied with the court's February 4, 2014, order and responded to plaintiff's pending motions.[1] Plaintiff subsequently filed a motion for court ordered alternative dispute resolution and a motion to expedite.

**DISCUSSION**

A.   Motion for Access to Access Electronic Tools/Aids

Plaintiff requests that the court enter an order granting him access to "specific electronic tools and aids as are used by the defendants' defense team." (Pl's Mot. (DE 72, p. 1.) The State is required to provide its inmates meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 823 (1977). At the time plaintiff filed his complaint, the State of North Carolina and North Carolina Prisoner Legal Services ("NCPLS") operated under a contract that complied with Bounds which provided that states must "affirmatively provide prisoners with either law libraries or persons trained

---

[1] Plaintiff has another pending action in Oliver v. Butler, 5:12-CT-3060-FL (E.D.N.C.). Plaintiff filed motions to compel in both actions. Defendants responded to plaintiff's motions to compel with a single response in both actions, and plaintiff filed a single reply in both actions.

in law to assist in prosecution of both post-conviction proceedings and civil rights actions." Fowler v. Lee, 18 F. App'x 164, 166 (4th Cir. 2001) (citing Bounds, 430 U.S. at 828). This court has held that the plan whereby NCPLS provides legal assistance to inmates in the custody of the Department of Correction adequately protects the inmates' constitutional right of access to the courts as required by Bounds. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995). Thus, because the court has provided plaintiff the access to courts in this case required by Bounds and because plaintiff has demonstrated, through the details of his filings, that he is capable of litigating this action, plaintiff's motion is DENIED.

B.    Motions for Discovery

After the parties fully briefed the pending discovery motions, there is only one discovery issue remaining in this action–plaintiff's ability to conduct the depositions upon written questions of Officers Coley and Wolfe. The court now considers this remaining discovery issue.

Defendants object to plaintiff's request to take the depositions upon written questions of officers Coley and Wolfe because plaintiff failed to comply with Federal Rule of Civil Procedure 31(a)(3) which requires the deposition notice to "state the name of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Although plaintiff is proceeding *pro se,* he still is required to comply with the discovery rules set forth in the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that *pro se* litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible"); see also, Dancy v. Univ. of N.C. at Charlotte, No. 3:08-cv-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug.3, 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural

3

rules without which effective judicial administration would be impossible.") (internal quotations omitted); Pitts v. Davis, No. 2:12-cv-0823TLN ACP, 2014 WL 29723, at * (E.D. Cal. Jan. 3, 2014) ("Depositions by written questions must be taken pursuant to the procedures set forth under Fed. R. Civ. P. 31."); Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) ("[A]lthough we authorized the plaintiff to take depositions of non–party witnesses upon written questions, the plaintiff nevertheless bears the burden of complying with the procedural and financial requirements that such discovery commands.").

Recognizing the difficulties a *pro se* incarcerated inmate faces, the court strongly urges the parties to confer with each other and the Warden at Scotland Correctional Institution, where plaintiff currently is incarcerated, within seven (7) days of the date of this order, to come to an agreement as to the individual who shall serve as the "officer designated in the notice" for the purposes of Rule 31. If the parties are unable to come to a consensus, plaintiff may re-file his motion to compel as to this issue. Based upon the foregoing, plaintiff's motion for a court order instructing defendants to comply with deposition requests is DENIED. Because the deposition issue was the only discovery issue remaining after defendants' responded to plaintiff's discovery requests, plaintiff's motions to compel also are DENIED.

C.   Motion for Court Ordered Alternative Dispute Resolution

Plaintiff seeks a court order compelling the parties to engage in alternative dispute resolution. This case does not properly fall within a category of case automatically to be selected for mediation pursuant to Local Civil Rule 101.1a(b). Further, defendants filed a motion for summary judgment on April 7, 2014. In the event the parties agree to mediation following the resolution of dispositive

4

motions, the court will address the issue at that time. Thus, plaintiff's motion for court ordered alternative dispute resolution is DENIED.

## CONCLUSION

In summary, plaintiff's motion requesting access to specific electronic tools/aid (DE 72), "motion [for] a court order instructing the defendants to comply with plaintiff's request for written depositions" (DE 73), motions to compel (DE 74, 79), and motion for court ordered alternative dispute resolution (DE 82) are DENIED, in accordance with the foregoing. Because the court ruled on plaintiff's pending motions, plaintiff's motion to expedite (DE 83) is DENIED as moot.

SO ORDERED, this the 8th day of April, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge