IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3157-FL

| | |
|---|---|
| KEITH BAYSEAM OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DALE BUTLER SHERIFF DONNIE ) | |
| HARRISON, and HEIDI STEINBECK ) | |
| ) | |
| Defendants. ) | |

The matter is before the court upon plaintiff's unopposed motion for entry of default (DE 90), motion to strike (DE 91), and renewed motion to compel (DE 92). Defendants did not respond to plaintiff's motions. Also before the court is defendants' motion for summary judgment (DE 84), which was fully briefed. In this posture, the issues raised are ripe for adjudication.

A.  Motion for Entry of Default

Plaintiff seeks an entry of default pursuant to Federal Rule of Civil Procedure 55 against defendants on the grounds that defendants failed to deny or otherwise set forth a defense to certain retaliation claims. In particular, plaintiff asserts defendants failed to respond to allegations that he was denied access to telephone privileges, visitation, and the law library in retaliation for filing this lawsuit.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff, in his May 14, 2013, amended complaint asserted that he was denied access to a law library, denied

telephone privileges, and denied visitation in retaliation for filing this action.[1] Plaintiff is correct in that defendants' motion for summary judgment does not directly address plaintiff's retaliation claims. However, defendants have made consistent efforts, including filing a motion for summary judgment, to defend this action and plaintiff's many filings make it difficult to determine precisely what claims plaintiff is asserting. See Johnson v. Warner, 7:05–CV–219, 2009 WL 586730, at *4 (W.D.Va. Mar. 6, 2009); Rashidi v. Albright, 818 F.Supp. 1354, 1355–56 (D.Nev.1993) (finding a motion for summary judgment sufficient to satisfy the "otherwise defend" requirement under Rule 55 because it "speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action"). Based upon the foregoing, the court DENIES without prejudice plaintiff's motion for entry of default, and DIRECTS defendants to supplement their motion for summary judgment to address plaintiff's retaliation claims.

B.    Motion to Strike

Plaintiff moves the court to strike, pursuant to Federal Rule of Civil Procedure 12(f), 56(c), and 56(h), the affidavit Wake County Medical Director Dr. Obi Umesi submitted in support of defendants' motion for summary judgment. In particular, plaintiff contends that Dr. Umesi's statements regarding plaintiff's medical history and care at the Wake County Jail are unsupported

---

[1] Plaintiff appears to assert that defendants also failed to respond to his retaliation claim arising out of defendant's alleged confiscation of his law books on December 21, 2014. (Mot. for Entry of Default (DE 90), p. 1.) Plaintiff, however, has not amended his complaint to include such a claim. Rather, in a related action Oliver v. Butler, No. 5:12-CT-3060-FL (E.D.N.C.), plaintiff raised this issue through a motion for the return of his legal books. Plaintiff does not allege in his motion for the return of his legal books that the confiscation of his legal books was in retaliation for filing this action or that the confiscation of his books interfered with his ability to pursue his legal claims. Rather, plaintiff alleges that the confiscation of his legal books made it impossible for him to complete a course. Oliver v. Butler, No. 5:12-CT-3060-FL (E.D.N.C. Nov. 12, 2013). Plaintiff has not been permitted leave to amend his complaint to include this claim in Oliver v. Butler, No. 5:12-CT-3060-FL (E.D.N.C.).

2

by plaintiff's medical records, "slanderous," and "made with the sole intentions to persuade the courts opinion against Plaintiff in a negative manner." (Mot. to Strike (DE 91), p. 2.) Plaintiff further asserts and Dr. Umesi is a physician and does not have the necessary credentials to provide an opinion as to his mental health.

Dr. Umesi, in his affidavit, discusses plaintiff's medical care at the Wake County Jail. The affidavit, however, does not provide citations to the relevant portions of plaintiff's medical records. It is the responsibility of the party seeking summary judgment to present to the court the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record. . . ."). Accordingly, the court DIRECTS defendants to provide a copy of plaintiff's medical records pertinent to Dr. Umesi's affidavit. The court also DIRECTS defendants to submit a new affidavit from Dr. Umesi with citation to the applicable medical records. See Reynolds v. Northern Neck Regional Jail Authority, No. 3:07CV700, 2009 WL 1323224, at *1 (E.D. Va. May 11, 2009) ("Litigants may not thrust upon the court the burden of combing through the record to make a case on their behalf.") (citations and internal quotations omitted). Because the court has directed defendants to supplement Dr. Umesi's affidavit, plaintiff's motion to strike is DENIED. In the event defendants fail to supplement Dr. Umesi's affidavit as directed by the court, plaintiff may renew his motion to strike.

3

C. Renewed Motion to Compel

Plaintiff, in his renewed motion to compel, requests "the court [] intervene and thereby institute an alternative solution in th[e] ongoing issue regarding Plaintiff's inability to execute written depositions . . . ." (Pl's Mot. (DE 92), p.1.) Defendants are DIRECTED to respond to plaintiff's renewed motion to compel.

For the foregoing reasons:

(1) Plaintiff's motion for entry of default (DE 90) is DENIED without prejudice;

(2) plaintiff's motion to strike (DE 91) is DENIED;

(3) defendants are DIRECTED to respond to plaintiff's renewed motion to compel (DE 92);

(4) defendants are DIRECTED to supplement their motion for summary judgment and Dr. Umesi's affidavit as set forth above within twenty-one (21) days of this court's order.

(5) the court holds in ABEYANCE plaintiff's renewed motion to compel (DE 92) and defendants' motion for summary judgment (DE 84).

SO ORDERED, this the 6th day of June, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge